IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LA SHANDA WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-02690-X |
| | § | |
| PANINI AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

### DEFENDANT'S AMENDED ANSWER

---

Defendant Panini America, Inc. ("Defendant" or "Panini") files its Amended Answer to Plaintiff La Shanda Woods' ("Plaintiff" or "Woods") Complaint (the "Complaint"), and for its Answer states as follows:

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint, as follows. Each allegation not specifically admitted herein shall be deemed denied, and the recital of headings set forth herein does not constitute an admission of any allegation contained in Plaintiff's Complaint.

## I.     INTRODUCTION

1.     Defendant admits that it is a manufacturer of sports trading cards and authentic memorabilia (i.e. a sports collectibles company). Defendant denies all other allegations in Paragraph 1 of the Complaint.

2.      Defendant admits that its trading card products include "African-American and other non-Caucasian athletes" as alleged in Paragraph 2 of the Complaint. Defendant denies all other allegations in Paragraph 2 of the Complaint.

3.      Defendant admits that Plaintiff is African-American. Defendant denies all other allegations in Paragraph 3 of the Complaint.

## II.      JURISDICTION

4.      Defendant admits that jurisdiction over Plaintiff's claims is proper, and that Plaintiff seeks the relief referenced in Paragraph 4 of the Complaint, but denies that Plaintiff is entitled to any relief of any kind and denies the remaining allegations in Paragraph 4 of the Complaint.

5.      Defendant admits that venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, but denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant admits that its headquarters is in Texas, it does business in Dallas, County, Texas, and that its principal place of business is located at 5325 FAA Blvd., Suite 100, Irving, Texas 75061. Defendant denies all other allegations in Paragraph 6 of the Complaint.

## III.      PARTIES

7.      Defendant admits that Plaintiff is African-American. Defendant is without sufficient information or knowledge so as to admit or deny the remaining allegations in Paragraph 7 of the Complaint, and, therefore, denies them at this time.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

## IV.      ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.      Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits that it received a letter from Until Freedom and Black Church PAC on or about May 15, 2023. Defendant denies all other allegations in Paragraph 16 of the Complaint.

17.     To the extent that Paragraph 17 of the Complaint seeks to recite or paraphrase the contents of a document, Defendant refers to the document itself for its contents. Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations in Paragraph 18 of the Complaint.

19.     Defendant admits that Plaintiff applied for an Assistant Manager position on or about 2015. Defendant denies all other allegations in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits that at times during Woods' Panini employment, various Panini employees would have out-of-office meetings, lunches, dinners, and holiday celebrations. Defendant denies all remaining allegations in Paragraph 35 of the Complaint.

36. Defendant admits that at times during the COVID-19 pandemic, certain employees were ordered to work from home in compliance applicable state and local orders and CDC guidance. Defendant denies all remaining allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant admits that Plaintiff was allowed to take PTO consistent with its policies and procedures for doing so. Defendant denies all remaining allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff resigned her Panini employment in April 2023. Defendant denies all other allegations in Paragraph 43 of the Complaint.

## V.   FIRST CLAIM FOR RELIEF

(*Hostile Work Environment in Violation of Section 1981*)

44.   Defendant reasserts its responses to Paragraphs 1–43 of the Complaint and incorporates such responses as if set forth fully herein.

45.   Defendant denies the allegations in Paragraph 45 of the Complaint.

46.   Defendant denies the allegations in Paragraph 46 of the Complaint.

47.   Defendant denies the allegations in Paragraph 47 of the Complaint.

48.   Defendant denies the allegations in Paragraph 48 of the Complaint.

49.   Defendant denies the allegations in Paragraph 49 of the Complaint.

50.   Defendant denies the allegations in Paragraph 50 of the Complaint.

## VI.   SECOND CLAIM FOR RELIEF

(*Constructive Discharge in Violation of Section 1981*)

51.   Defendant reasserts its responses to Paragraphs 1–50 of the Complaint and incorporates such responses as if set forth fully herein.

52.   Defendant denies the allegations in Paragraph 52 of the Complaint.

53.   Defendant admits that Plaintiff resigned her Panini employment in April 2023. Defendant denies all other allegations in Paragraph 53 of the Complaint.

54.   Defendant denies the allegations in Paragraph 54 of the Complaint.

55.   Defendant denies the allegations in Paragraph 55 of the Complaint.

56.   Defendant denies the allegations in Paragraph 56 of the Complaint.

57.   Defendant denies the allegations in Paragraph 57 of the Complaint.

## VII.   PLAINTIFF'S PRAYER FOR RELIEF

58.   Defendant denies all allegations in Plaintiff's unnumbered Prayer for Relief, including subparts (A)–(D), and denies Plaintiff is entitled to any of the requested relief.

## VIII.   DEFENSES AND AFFIRMATIVE DEFENSES

1.      By pleading the following as affirmative and/or other defenses, Defendant does not concede that each of the matters covered by each defense is to be proven by Defendant. Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the causes of action asserted in her Complaint and to establish her alleged damages.

2.      Each defense or affirmative defense is stated in the alternative and exists separately from all other defenses or affirmative defenses.

3.      The Complaint fails to state claims and facts upon which relief can be granted.

4.      At all times, Plaintiff's employment was terminable at will by either Plaintiff or Defendant with or without cause or notice.

5.      Plaintiff cannot satisfy the burden of proof regarding her claims against Defendant.

6.      Plaintiff's claims are barred, in whole or in part, because she did not suffer an adverse employment action.

7.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8.      Plaintiff's claims are barred because she cannot establish a prima facie case of discrimination.

9.      Plaintiff's claims are barred because she cannot establish a prima facie case of a hostile work environment.

10.     Plaintiff's claims are barred because she cannot establish a prima facie case for constructive discharge.

11.     Plaintiff's claim for constructive discharge fails as this is not an independent cause of action.

DEFENDANT'S AMENDED ANSWER                                                              7

12.     Plaintiff is not entitled to lost wages and income, emotional distress, loss of enjoyment of life, other non-pecuniary losses, compensatory and/or punitive damages, attorneys' fees, costs and disbursements, or any other form of relief whatsoever.

13.     Defendant is entitled to an offset and/or credit for compensation, if any, received by Plaintiff, or that could have reasonably been received by Plaintiff, after her employment with Defendant ended, including, without limitation, compensation and benefits from subsequent employers, unemployment compensation, workers' compensation, or other benefits.

14.     Any claim by Plaintiff for front pay is too speculative to be permitted.

15.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, her own acts or omissions, and/or after-acquired evidence.

16.     Defendant, at all times, acted in good faith, with the reasonable belief that it complied with the law.

17.     Plaintiff's claims in this lawsuit fail because all decisions made with respect to Plaintiff's employment were made for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

18.     Plaintiff's claims are barred to the extent that Defendant exercised reasonable care to prevent and promptly correct any alleged discrimination and/or harassment and to the extent that Plaintiff unreasonably failed to take advantage of preventative and/or corrective activities provided by Defendant or to otherwise avoid the harm. Defendant has an established Non-Discrimination and Anti-Harassment Policy, and Plaintiff failed to promptly notify Defendant about the alleged discrimination or alleged harassment pursuant to the policy so that Defendant could have investigated the matter and taken remedial action, if necessary.

19.     Plaintiff's claims are barred, in whole or in part, to the extent she failed to exhaust her administrative remedies.

20.     Without admitting any liability, Defendant states that the amount of compensatory and punitive damages sought by Plaintiff is limited under applicable law.

21.     Defendant never acted willfully, with malice, or with reckless indifference to Plaintiff's protected rights so as to be liable for any claim or damage at issue herein.

22.     None of the alleged discriminatory acts or omissions referenced in Plaintiff's Complaint, if found to have occurred (which Defendant denies), were committed with authorization, ratification, approval, or even knowledge of Defendant, and none were committed within the course or scope of employment of any of Defendant's officers, directors, managers, agents, servants, or employees.

23.     As a result of Plaintiff's actions herein, Defendant has been required to retain the services of the undersigned attorneys, and pursuant to 42 U.S.C. § 1988(b) and (c), Defendant is entitled to an award of its reasonable attorneys' fees and expert fees, if any, incurred in defending this action.

24.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her damages.

25.     Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

### IX.     **DEFENDANT'S PRAYER FOR RELIEF AS TO THE COMPLAINT**

WHEREFORE, Defendant prays that upon final trial and hearing hereof, judgment be entered that Plaintiff take nothing by her suit, that all relief prayed for by Plaintiff in this action be denied, that Defendant recover all costs of court incurred herein, including reasonable attorneys' fees, and that Defendant be awarded such other and further relief, general and special, legal and

equitable, to which it may show itself justly entitled.

Date:   March 29, 2024

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Laura E. De Santos*

**Laura E. De Santos, LEAD COUNSEL**
Texas State Bar No. 00793612
ldesantos@grsm.com
**Megan M. Mitchell**
Texas State Bar No. 24073504
mmmitchell@grsm.com
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

**Soña Garcia**
Texas State Bar No. 24045917
sjgarcia@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Telephone: (214) 231-4660
Facsimile: (214) 461-4053

**LOCKE LORD LLP**

**Robin G. Shaughnessy**
Texas State Bar No. 24012713
rshaughnessy@lockelord.com
**Aaron S. Nava**
Texas State Bar No. 24134375
aaron.nava@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**David M. Gregory**
Texas State Bar No. 24007274
dgregory@lockelord.com
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

Telephone: (713) 226-1200
Facsimile: (713) 223-3717

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will automatically send notification of such filing to counsel(s) and parties of record.

Greg McAllister
Joshua Iacuone
IACUONE MCALLISTER POTTER, PLLC
Energy Square One
4925 Greenville Ave., Suite 700
Dallas, Texas 75206
Telephone: (214) 432-1662
Email: greg@imcplaw.com
       josh@imcplaw.com

**Attorneys for Plaintiff**


*/s/ Laura E. De Santos*
**Laura E. De Santos**