# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **LA SHANDA WOODS,** §<br>*Plaintiff,* §<br> §<br>**vs.** §<br> §<br>**PANINI AMERICA, INC.,** §<br>*Defendant.* § | **Civ. Action No. 3:23-cv-02690-X** |

## PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE

Plaintiff moves this Court for an order dismissing all of Plaintiff's claims against Defendant with prejudice to the refiling of same.

Plaintiff and Defendant resolved this matter. Defendant agreed to the relief requested under this notice and in this motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter an order dismissing all of Plaintiff's claims, in their entirety and with prejudice, against Defendant, with each party to bear its own costs and attorneys' fees

Respectfully submitted,

*s/ Greg McAllister*
**Greg McAllister**
Texas State Bar No. 24071191
greg@imcplaw.com
**Joshua Iacuone**
Texas State Bar No. 24036818
josh@imcplaw.com

**Iacuone McAllister Potter PLLC**
Energy Square One
4925 Greenville Ave., Suite 700
Dallas, Texas 75206
214.432.1662

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Defendant agrees to this motion's requested relief.

*s/ Greg McAllister*
Greg McAllister

## CERTIFICATE OF SERVICE

On December 4, 2024, the foregoing was filed via e-filing.

*s/ Greg McAllister*
Greg McAllister

2

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims ("**Agreement**") is entered into by and between **La Shanda Woods** ("**Woods**") and Panini America, Inc. ("**Panini**"), effective as of the date last signed below (the "**Effective Date**") (Woods and Panini are sometimes each referred to as a "**Party**" and collectively as the "**Parties**," as the context requires).

## RECITALS

A.    Woods was an employee of Panini;

B.    Woods' last day of employment was April 7, 2023;

C.    A dispute has arisen between Woods and Panini in a lawsuit styled *La Shanda Woods v. Panini America, Inc.,* Cause No. 3:23-cv-02690-X, pending in the Northern District of Texas, Dallas Division, wherein Woods alleges she was subjected to discrimination in violation of 42 U.S.C. § 1981 (the "Lawsuit");

D.    Panini denies all of Woods' claims asserted in the Lawsuit and asserts it has properly complied with all Texas and federal laws; and

E.    Panini and Woods desire to settle fully and finally all claims Woods has, including, without limitation, those arising out of Woods' employment with and separation of employment from Panini, the Claims made by Woods in the Lawsuit, and as further provided herein.

NOW, THEREFORE, in consideration of the recitals set forth above and the consideration, representations, covenants, and obligations set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Except as otherwise specifically set forth in this Agreement, Woods acknowledges and agrees she has received all fees, compensation, salary, wages, payments, sums, benefits, penalties, reimbursements, and any other monies owing to her (if any) from Panini.

2.    In consideration for Woods' execution of this Agreement, and Woods' release of Claims as detailed herein, Panini shall cause to be paid a settlement in the total sum of **Five Thousand Dollars and Zero Cents ($5,000.00)** in the following amounts via check (collectively, the "**Settlement Consideration**") to Woods:

a.    **Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00)** by check made payable to La Shanda Woods, less ordinary  withholdings, which shall be classified as lost wages and reported on a Form W-2 to be issued directly to La Shanda Woods at the appropriate time; and

b.    **Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00)** by check made payable to La Shanda Woods which shall be classified as compensatory damages for alleged mental anguish and emotional suffering and reported on an IRS Form 1099 to be issued directly to La Shanda Woods at the appropriate time.

The above-referenced payments shall not trigger any contributions to any retirement or extra benefit plan, such as a 401k or an ESOP plan.

3.    Woods understands and expressly agrees she shall be liable for the payment of all federal, state, and local taxes that she may owe as a result of any consideration or payment made pursuant to Paragraph 2 of this Agreement. Woods acknowledges that neither Panini nor any of the Released Parties (defined below in Paragraph 6), nor any of their representatives, agents, or attorneys, has made any promises, representations or warranties, express or implied, regarding the tax consequences of any consideration paid to Woods pursuant to this Agreement. In the event of any assessment against Panini by any taxing authority in connection with this payment, Woods shall fully defend, indemnify, and hold harmless Panini and the Released Parties from any taxes, interest, and penalties assessed against Panini for any tax obligations owed by Woods in connection with the Agreement. Woods understands and expressly agrees that any attorneys' fees or costs owed or claimed by the attorneys who represented Woods in this Lawsuit are Woods' sole obligation and that the Settlement Consideration covers all claims and attorneys' fees arising from or in any way associated with this Lawsuit.

4.    The Settlement Consideration referenced in Paragraph 2 will be delivered via FedEx to La Shanda Woods, 3682 Block Drive, No. 402, Irving, Texas 75038 within twenty eight (28) calendar days after both: (1) receipt by Panini of a copy of this Agreement executed by Woods; and (2) a duly completed and executed IRS Form W-9 and Form W-4 from Woods.

5.    Within five (5) business days of receipt of the Settlement Consideration by Woods' counsel, Woods agrees to file a notice of dismissal of the Lawsuit with prejudice with the Court, which shall include all claims which were or may have been brought.

6.    In exchange for the consideration, promises, and covenants, contained in this Agreement, Woods, on behalf of herself and her respective assigns, heirs, executors and administrators, hereby releases and forever discharges with prejudice Panini and all of its past, present and future owners, partners, insurers, reinsurers, members, parent companies, subsidiaries, divisions, related entities, affiliates, as well as each of their respective past, present and future principals, directors, officers, shareholders, agents, representatives, employees, attorneys, predecessors, successors, heirs, and assigns, and any and all of them (collectively, the "**Released Parties**"), from any and all liability, actions, causes of action, claims, charges, complaints, demands, grievances, obligations, losses, damages, injuries and legal responsibilities, of any type whatsoever, whether known or unknown, unforeseen, unanticipated, unsuspected or latent, whether brought on an individual basis or as part of a class, collective, or representative action, which Woods or her respective successors in interest now own or hold, or have at any time heretofore owned or held, or may at any time hereafter own or hold, by reason of any matter arising from any cause whatsoever prior to the Effective Date that are based upon, relate to or arise out of the Lawsuit, the amount of compensation due to Woods for work performed for Panini including any unpaid overtime wages, Woods' employment with Panini, Woods' separation of employment with Panini, or any other claims Pickett has or may have based on conduct or lack thereof by Panini or any of the Released Parties, whether in law, equity, contract or tort, or under the Texas Constitution, Texas Labor Code, Texas Civil Practice and Remedies Code, Texas Administrative Code, Fair Labor Standards Act, Consolidated Omnibus Budget Reconciliation Act, National Labor Relations Act, Labor Management Relations Act, Employee Retirement Income Security

Act, Title VII of the Civil Rights Act of 1964, as amended, Civil Rights Act of 1991, the Civil Rights Act of 1866, Americans with Disabilities Act, the ADA Amendments Act of 2008, the Pregnancy Discrimination Act, the Rehabilitation Act of 1973, Executive Order 11246, Family and Medical Leave Act, Sarbanes-Oxley Act of 2002, Worker Adjustment and Retraining Notification Act, Health Insurance Portability and Accountability Act of 1996, Genetic Information Nondiscrimination Act of 2008, False Claims Act, Jurors Right to Reemployment Act and the Jury System Improvement Act of 1978, any amendments of the foregoing statutes, or under any other federal, state, municipal or other governmental statute, regulation, rule, ordinance or order other than as expressly stated herein and Woods further agrees that through this Agreement she is releasing and waiving her ability to participate in a class, collective, or representative proceeding against Panini and further waives her right to recover any compensation or damages from Panini as a result of any such class or collective proceeding against Panini (collectively, the "**Claims**").

7. In exchange for the consideration, representations, covenants and obligations contained in this Agreement, Woods waives any right, claim, or entitlement to future employment with Panini. Woods further agrees that Panini is not obligated, contractually or otherwise, to rehire, reinstate, reemploy, or recall her in the future. Woods further agrees not to knowingly seek future employment with Panini. The Parties agree and acknowledge that, by this Agreement, they seek unequivocal, complete, and final dissolution of any employment relationship between Woods and Panini. The Parties further agree that if in the future Panini merges with, is acquired by, or acquires a company where Woods is employed, Woods shall be required to resign her employment as a result of the merger or acquisition.

8. Woods represents and warrants there are no liens or pending legal claims applicable to the Settlement Consideration and that: (a) Woods is solely responsible for the payment of any attorney's fees and cost (arising from the Lawsuit or otherwise) that are owed to Woods' counsel; and (b) Panini is solely responsible for the payment of any attorney's fees and costs (arising from the Lawsuit or otherwise) that are owed to Panini's counsel. Woods agrees to defend, indemnify, and hold harmless the Released Parties against any lien, claim, or action asserted against the Settlement Consideration or arising from any attorney's fees or cost incurred by his attorneys arising from the Lawsuit. Woods also agrees she will be solely responsible to satisfy any liens or pending legal claims asserted against Woods or the Released Parties as against the Settlement Consideration.

9. As further consideration for the promises of the Parties, Woods warrants and represents that she is not enrolled in Medicare or a Medicare Advantage Plan or Medicaid, and is not a recipient of benefits from Medicare or a Medicare Advantage Plan or Medicaid. Notwithstanding the foregoing, Woods warrants and represents that it is solely her obligation to satisfy any and all liens and/or subrogation interests of any kind, including but not limited to any past and/or future liens, and including but not limited to any lien of or relating to legal services, healthcare services, held by Medicare, and/or Medicare Advantage and/or Medicaid against the amount paid to her under this Agreement. Woods shall fully indemnify, defend, exonerate, and hold harmless Released Parties from and against any claim by any subrogated interest and/or lienholder arising from the settlement and/or from payment by or on behalf of Released Parties, individually and/or collectively, including but not limited to the costs of any litigation and/or attorneys' fees. In reaching this settlement, the Parties acknowledge that they have attempted to

resolve all matters between them in compliance with both state and federal law, and they believe that the settlement terms have adequately considered any actual and/or potential interest Medicare, Medicaid, Medicare Advantage Plan and/or any third party has or may have. In no event do the settlement terms reflect any attempt to shift responsibility for payment of medical expenses to Medicare, Medicaid or Medicare Advantage.

10.    Woods has been apprised of her right to seek assistance from legal counsel of her choosing or directly from Social Security Administration or other government agencies regarding the impact this Release may have on Woods' current or future entitlement to Social Security or other governmental benefits. Woods acknowledges that acceptance of the Settlement Consideration may affect Woods' rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Woods desires to enter into this Agreement to settle her Claims against Panini according to the terms set forth in this Agreement.

11.    Woods agrees, represents, and warrants she has not made any assignment of the Claims released herein and further agrees, represents, and warrants she will not make any such assignment of Claims. Woods further agrees, represents, and warrants that, with the exception of an action to enforce the terms of this Agreement, she will not file, refile, initiate or cause to be filed, refiled or initiated, any Claims released herein.

12.    The Parties agree this Agreement is not an admission by either Party of any wrongdoing or liability whatsoever, but results from a mutual desire to resolve actual and potential disputes Woods has or could have asserted against Panini or any of the released Parties based on anything that has or may have occurred or could have occurred prior to the Effective Date. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any Party.

13.    Woods represents and warrants that she has returned all property of Panini's that Woods was provided or to which she had access to as an employee of Panini, regardless of the format (electronic or physical). This representation is a material term of this Agreement.

14.    Woods agrees to indemnify and hold harmless Panini and the Released Parties against any loss or any other liability whatsoever caused by (a) any breach of this Agreement by Woods or her successors in interest, or (b) any action or proceeding brought by Woods or her successors in interest if such action or proceeding arises out of, is based upon, or is related to any Claims released herein. Woods further agrees that if she does file, refile, initiate or cause to be filed, refiled or initiated any action or proceeding arising out of, based upon, or related to any Claims released herein, Panini will be entitled to recover from Woods its attorneys' fees and costs of suit incurred in defending against such action.

15.    Any action brought to enforce this Agreement shall be brought in the Northern District of Texas, Dallas Division. In any action brought to enforce any provision of this Agreement, in addition to any other relief granted, the prevailing Party shall recover her or its reasonable costs of enforcement, including, without limitation, reasonable attorneys' fees and costs of suit.

16.     The Parties acknowledge and agree neither has relied upon any statements or representations made by any representative of the other Party (or any Released Party), except as expressly contained in this Agreement, and that no representations, warranties, or covenants have been made that are not referenced in this Agreement.

17.     The Parties acknowledge and agree each has made such investigation of the facts pertaining to this Agreement and all matters contained herein as each Party deems necessary, desirable or appropriate, and further agree the release provided for herein shall remain in all respects effective and enforceable and not subject to termination or rescission by reason of any later discovery of new, different, or additional facts.

18.     The Parties acknowledge and agree each has consulted an attorney of her/its own choosing regarding the terms of this Agreement prior to executing this Agreement.

19.     The Parties understand and agree if any provision of this Agreement shall, for any reason, be adjudged by any court of competent jurisdiction to be invalid or unenforceable, such judgment shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the provision of this Agreement directly involved in the controversy in which such judgment has been rendered.

20.     This Agreement shall inure to the benefit of and be binding upon the heirs, representatives, successors, and assigns of each of the Parties. Each of the Released Parties who are not signatories to this Agreement are hereby agreed to be intended third party beneficiaries of this Agreement and shall be entitled to all rights, benefits, and protections of this Agreement and shall further be entitled to enforce this Agreement and each of its terms.

21.     This Agreement sets forth the entire agreement pertaining to Woods release of claims and the settlement value paid by Panini.

22.     No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach or term or provision of this Agreement. This Agreement may be modified only by a written amendment signed by all Parties.

23.     This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any Party based on attribution of drafting to any Party.

24.     This Agreement shall be governed by and construed under the laws of the State of Texas.

25.     This Agreement may be executed in any number of original counterparts, including via facsimile. Any such counterpart, when executed, shall constitute an original of this Agreement, and all such counterparts together shall constitute the same Agreement. A facsimile or pdf signature shall suffice with the same force and effect as an original signature.

Executed as of <u>November 5</u>, 2024     LA SHANDA WOODS

Executed as of <u>Nov 13</u>, 2024     PANINI AMERICA, INC.

By: _____

Name: _____

Title: _____